Summary Rule 23 order filed
August 8, 2007;
Motion to publish granted
September 17, 2007.

NO. 5-06-0478

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| HELEN MARTIN, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Effingham County. |
| | ) |
| v. | ) No. 06-MR-8 |
| | ) |
| THE DEPARTMENT OF EMPLOYMENT | ) |
| SECURITY, DIRECTOR OF EMPLOYMENT | ) |
| SECURITY, and THE BOARD OF REVIEW, | ) Honorable |
| | ) James J. Eder, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE SPOMER delivered the opinion of the court:

The plaintiff, Helen Martin, appeals an order of the circuit court of Effingham County that affirmed a decision of the Board of Review (the Board) of the Illinois Department of Employment Security (IDES) to deny unemployment insurance benefits to the plaintiff. For the reasons that follow, we affirm.

The facts in this case are undisputed and easy to summarize. The plaintiff began to receive social security retirement benefits in 1999. From September 19, 2004, until August 17, 2005, the plaintiff was employed by Wal-Mart. Following her discharge from that employment, the plaintiff filed an application for unemployment insurance benefits with IDES pursuant to the Unemployment Insurance Act (the Act) (820 ILCS 405/100 *et seq.* (West 2004)). Had she been eligible for benefits, the plaintiff would have received $72 per week. However, a claims adjudicator for IDES found the plaintiff ineligible for benefits because the plaintiff was receiving disqualifying income, in the form of a portion of her social security retirement benefits, that exceeded her potential unemployment insurance

1

benefit amount. An IDES hearing referee affirmed the decision of the claims adjudicator. The decision of the hearing referee was in turn affirmed by the Board.

Although in her appeals below the plaintiff argued that a social security offset against her potential unemployment insurance benefits was unconstitutional, before this court the plaintiff has neither raised nor briefed the issue of constitutionality. Accordingly, the plaintiff has waived the consideration of that argument on appeal. See 210 Ill. 2d R. 341(h)(7) (points not argued in an opening brief are waived and shall not be raised in the reply brief, in oral argument, or in a petition for rehearing). The sole issue before this court on appeal is whether the Board erred when it found that Wal-Mart, the plaintiff's most recent employer, was her "base-period employer" for purposes of determining if the plaintiff was eligible for unemployment insurance benefits. The plaintiff contends Wal-Mart was not her base-period employer because Wal-Mart did not contribute to the retirement benefits she is now receiving, which are based upon her employment with other employers prior to her retirement from the work force in 1999, and because her retirement benefits did not change when she began employment with Wal-Mart in 2004. She concedes that Wal-Mart was her chargeable employer as that term is defined in relevant regulations and statutes, but she takes issue with the finding that Wal-Mart was also her base-period employer.

The plaintiff's argument, although not well-developed, appears to be based on the mistaken premise that the term "base period" encompasses only the years during which an employee worked prior to beginning to receive social security retirement benefits and that accordingly a base-period employer can be only an employer that contributed to an employee's future retirement benefits prior to that employee becoming eligible for those retirement benefits. Accordingly, the plaintiff appears to argue that once an individual becomes eligible for retirement benefits, no future employer can be a base-period employer and that any finding to the contrary is legally erroneous. The plaintiff cites no legal authority

2

for this proposition, nor is this court aware of any legal authority in support of the plaintiff's position. To the contrary, as the defendants note, the Act clearly defines the base period as the period of time examined to determine whether the claimant earned sufficient wages to qualify for unemployment benefits and, if so, the amount of those benefits. 820 ILCS 405/237(A), 401 (West 2004). The "base-period employer" is the employer who pays wages to the claimant during this eligibility period. It is undisputed that Wal-Mart is the employer who paid wages to the plaintiff during the time period immediately prior to her claim for unemployment insurance. Accordingly, the Board did not err in concluding that Wal-Mart was the plaintiff's base-period employer. Put simply, the term "base-period employer" means, for purposes of determining eligibility for unemployment insurance benefits, the employer who paid wages during the base period for which benefits are claimed, and it has nothing to do, as the plaintiff presumes, with the period of time during which a claimant may or may not have been working toward eligibility for social security retirement pay benefits. Furthermore, there is no requirement, as the plaintiff presumes, that the base-period employer's contributions to the social security retirement plan affect either an unemployment insurance benefits claimant's eligibility for social security retirement benefits or the amount of social security retirement benefits the claimant receives. See 56 Ill. Adm. Code §2920.70(b)(5) (eff. March 3, 1994).

For the foregoing reasons, the order of the circuit court of Effingham County is affirmed.


Affirmed.


STEWART and WEXSTTEN, JJ., concur.


3

NO. 5-06-0478

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| HELEN MARTIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Effingham County. |
| | ) | |
| v. | ) | No. 06-MR-8 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, DIRECTOR OF EMPLOYMENT | ) | |
| SECURITY, and THE BOARD OF REVIEW, | ) | Honorable |
| | ) | James J. Eder, |
| Defendants-Appellees. | ) | Judge, presiding. |

**Summary Rule 23 Order Filed:**    August 8, 2007
**Motion to Publish Granted:**    September 17, 2007
**Opinion Filed**:    September 17, 2007

**Justices**:    Honorable Stephen L. Spomer, J.

Honorable Bruce D. Stewart, J., and
Honorable James M. Wexstten, J.,
Concur

**Attorney**
**for**
**Appellant**
  
Helen Martin
10569 Aminoff Drive
Effingham, IL 62401

**Attorney**
**for**
**Appellees**
  
Rachel Hoover, Assistant Attorney General, 100 West Randolph Street, 12th
Floor, Chicago, IL 60601